# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

JOE SHIELDS

| | | |
|---|---|---|
| *Plaintiff on behalf of himself and* *all others similarly situated* | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 3:14-cv-00285 |
| ULTIMATE VACATION GROUP, LLC d/b/a ROYAL BAHAMAS CRUISE LINE, CARIBBEAN CRUISE LINE, INC., CELEBRATION CRUISE LINE, LLC, and CELEBRATION CRUISES INTERNATIONAL LTD. CORP. | ) ) ) ) ) ) | Judge Gray H. Miller |
| *Defendants.* | ) ) ) | |

_____/

## DEFENDANTS CARIBBEAN CRUISE LINE, INC. AND CELEBRATION CRUISE LINE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES

Defendants, CARIBBEAN CRUISE LINE, INC. ("Caribbean") and CELEBRATION CRUISE LINE, LLC ("Celebration") (collectively "CCL") submit their ANSWER and AFFIRMATIVE DEFENSES in response to Plaintiff JOE SHIELDS' First Amended Class Action Complaint (the "Complaint").[1]

## NATURE OF ACTION

1.    CCL denies the allegations in Paragraph 1 of the Complaint.

---

[1]    CCL denies all allegations in the Complaint to the extent Plaintiff has attributed conduct collectively to Caribbean, Celebration, and a wholly non-affiliated party, Defendant Celebration Cruises International Ltd. Corp., by inexplicably defining these entities as the "Cruise Line Defendants."

2.      CCL admits that Plaintiff purports to bring an action for statutory damages and injunctive relief under the TCPA, but CCL denies any wrongdoing and therefore denies the truth of the remaining allegations in Paragraph 2 of the Complaint.

3.      CCL denies that any "Class members" exist as Plaintiff has failed to identify a single class member.  CCL denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 3 of the Complaint claiming alleged violations of the TCPA by Defendant Ultimate Vacation Group, LLC ("Ultimate Vacation"), and therefore denies same.  CCL denies all allegations in the second sentence of Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.      CCL admits only that the Court has subject matter jurisdiction over this action, but CCL denies the truth of the remaining allegations in Paragraph 4 of the Complaint.

5.      CCL admits that the Court has subject matter jurisdiction over this action.

6.      CCL denies that the Court has personal jurisdiction over Caribbean or Celebration and otherwise denies all allegations in Paragraph 6 of the Complaint as they pertain to CCL.  CCL denies knowledge or information sufficient to form a belief as to whether the Court has personal jurisdiction over the other Defendants Ultimate Vacation and Celebration Cruise International Ltd. Corp., and therefore denies same.

7.      CCL denies that venue in this District is proper and otherwise denies all allegations in Paragraph 7 of the Complaint as they pertain to CCL.  CCL denies knowledge or information sufficient to form a belief as to whether venue in this District is proper as to Defendants Ultimate Vacation and Celebration Cruise International Ltd. Corp., and therefore denies same.

## PARTIES

8.      CCL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and therefore denies same.

9.      CCL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and therefore denies same.

10.     CCL denies the allegations in the first sentence of Paragraph 10 of the Complaint. CCL admits the allegations in the second sentence of Paragraph 10 of the Complaint.

11.     CCL admits the allegations in Paragraph 11 of the Complaint.

12.     CCL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and therefore denies same.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

13.     CCL admits only that Congress enacted the Telephone Consumer Protection Act ("TCPA") in 1991 and the TCPA and its legislative history speak for themselves, and CCL otherwise denies the truth of the allegations contained in Paragraph 13 of the Complaint.  Further answering, CCL respectfully refers to the entirety of the TCPA, agency interpretations thereof, and federal case law for its proper interpretation and effect.

14.     CCL admits only that the TCPA speaks for itself, and CCL otherwise denies the truth of the allegations contained in Paragraph 14 of the Complaint.  Further answering, CCL respectfully refers to the entirety of the TCPA, agency interpretations thereof, and federal case law for its proper interpretation and effect.

15.     CCL admits only that the discrete sections of the TCPA referenced in Paragraph 15 of the Complaint speak for themselves, and CCL otherwise denies the truth of the allegations contained in Paragraph 15 of the Complaint.  Further answering, CCL respectfully refers to the

entirety of the TCPA, agency interpretations thereof, and federal case law for its proper interpretation and effect.

16.     CCL admits only that findings of the FCC referenced in Paragraph 16 of the Complaint speak for themselves, and CCL otherwise denies the truth of the allegations contained in Paragraph 16 of the Complaint. Further answering, CCL respectfully refers to the entirety of the TCPA, agency interpretations thereof, and federal case law for its proper interpretation and effect.

17.     CCL admits only that the Report and Order cited in Paragraph 17 of the Complaint speak for themselves, and CCL otherwise denies the truth of the allegations contained in Paragraph 17 of the Complaint. Further answering, CCL respectfully refers to the entirety of the TCPA, agency interpretations thereof, and federal case law for its proper interpretation and effect.

18.     CCL admits only that the Declaratory Rulings referenced in Paragraph 18 of the Complaint speak for themselves, and CCL otherwise denies the truth of the allegations contained in Paragraph 18 of the Complaint. Further answering, CCL respectfully refers to the entirety of the TCPA, agency interpretations thereof, and federal case law for its proper interpretation and effect.

19.     CCL admits only that the "Declaratory Ruling" referenced in Paragraph 19 of the Complaint speaks for itself, and CCL otherwise denies the truth of the allegations contained in Paragraph 19 of the Complaint. Further answering, CCL respectfully refers to the entirety of the TCPA, agency interpretations thereof, and federal case law for its proper interpretation and effect.

20.     CCL admits only that the "Memorandum Opinion and Order" referenced in Paragraph 20 of the Complaint speaks for itself, and CCL otherwise denies the truth of the allegations contained in Paragraph 20 of the Complaint.  Further answering, CCL respectfully refers to the entirety of the TCPA, agency interpretations thereof, and federal case law for its proper interpretation and effect.

21.     CCL denies the truth of the allegations contained in Paragraph 21 of the Complaint.

22.     CCL admits only that the "Declaratory Ruling" referenced in Paragraph 22 of the Complaint speaks for itself, and CCL otherwise denies the truth of the allegations contained in Paragraph 22 of the Complaint.  Further answering, CCL respectfully refers to the entirety of the TCPA, agency interpretations thereof, and federal case law for its proper interpretation and effect.

23.     CCL admits only that the "FCC Ruling" referenced in Paragraph 23 of the Complaint speaks for itself, and CCL otherwise denies the truth of the allegations contained in Paragraph 23 of the Complaint.  Further answering, CCL respectfully refers to the entirety of the TCPA, agency interpretations thereof, and federal case law for its proper interpretation and effect.

24.     CCL states while that Paragraph 24 of the Complaint is a mere legal conclusion devoid of any allegation of fact, CCL nonetheless denies the truth of the allegations contained in Paragraph 24 of the Complaint.

25.     CCL denies the truth of the allegations contained in Paragraph 25 of the Complaint.

26.     CCL denies the truth of the allegations contained in Paragraph 26 of the Complaint.

27.     CCL admits only that the "FCC Ruling" referenced in Paragraph 27 of the Complaint speaks for itself, and CCL otherwise denies the truth of the allegations contained in Paragraph 27 of the Complaint.  Further answering, CCL respectfully refers to the entirety of the TCPA, agency interpretations thereof, and federal case law for its proper interpretation and effect.

## FACTUAL ALLEGATIONS

### Plaintiff

28.     CCL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and therefore denies same.

29.     CCL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and therefore denies same.

30.     CCL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and therefore denies same.

31.     CCL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and therefore denies same.

32.     CCL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint and therefore denies same.

33.     CCL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint and therefore denies same.

34.     CCL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint and therefore denies same.

35. CCL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and therefore denies same.

36. CCL denies the truth of the allegations contained in Paragraph 36 of the Complaint.

**Defendants**

37. CCL states while that Paragraph 37 of the Complaint is a mere legal conclusion devoid of any allegation of fact, CCL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint and therefore denies same.

38. CCL denies the truth of the allegations contained in Paragraph 38 of the Complaint.

**Direct Liability**

39. CCL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint and therefore denies same.

40. CCL denies the truth of the allegations contained in Paragraph 40 of the Complaint.

41. CCL states while that Paragraph 41 of the Complaint is a mere legal conclusion devoid of any allegation of fact, the authority cited in Paragraph 41 of the Complaint speaks for itself, and CCL otherwise denies the truth of the allegations contained in Paragraph 41 of the Complaint.  Further answering, CCL respectfully refers to the entirety of the TCPA, agency interpretations thereof, and federal case law for its proper interpretation and effect.

42. CCL denies the truth of the allegations contained in Paragraph 42 of the Complaint.

43.    CCL denies the truth of the allegations contained in Paragraph 43 of the Complaint.

44.    CCL states while that Paragraph 44 of the Complaint is a mere legal conclusion devoid of any allegation of fact, CCL nonetheless denies the truth of the allegations contained in Paragraph 44 of the Complaint.  Further answering, CCL respectfully refers to the entirety of the Restatement (Third) of Agency and case law for its proper interpretation and effect.

45.    CCL denies the truth of the allegations contained in Paragraph 45 of the Complaint.

46.    CCL admits only that the "FCC Ruling" referenced in Paragraph 46 of the Complaint speaks for itself, and CCL otherwise denies the truth of the allegations contained in Paragraph 46 of the Complaint.  Further answering, CCL respectfully refers to the entirety of the TCPA, agency interpretations thereof, and federal case law for its proper interpretation and effect.

**Actual Authority**

47.    CCL states while that Paragraph 47 of the Complaint is a mere legal conclusion devoid of any allegation of fact, CCL nonetheless denies the truth of the allegations contained in Paragraph 47 of the Complaint.  Further answering, CCL respectfully refers to the entirety of the Restatement (Third) of Agency and case law for its proper interpretation and effect.

48.    CCL denies the truth of the allegations contained in Paragraph 48 of the Complaint.

49.    CCL denies the truth of the allegations contained in Paragraph 49 of the Complaint.

50.     CCL denies the truth of the allegations contained in Paragraph 50 of the Complaint.

51.     CCL denies the truth of the allegations contained in Paragraph 51 to the extent Plaintiff alleged that Ultimate Vacation was "acting on behalf of" CCL.   CCL denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51 of the Complaint and therefore denies same.

52.     CCL denies the truth of the allegations contained in Paragraph 52 to the extent Plaintiff alleged or suggested that CCL placed any calls to Plaintiff.  CCL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint and therefore denies same.

53.     CCL denies the truth of the allegations contained in Paragraph 53 to the extent Plaintiff alleged that Ultimate Vacation was "acting on behalf of" CCL.   CCL denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53 of the Complaint and therefore denies same.

54.     CCL denies the truth of the allegations contained in Paragraph 54 to the extent Plaintiff alleged that Ultimate Vacation was "acting on behalf of" CCL.   CCL denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 of the Complaint and therefore denies same.

55.     CCL states while that Paragraph 55 of the Complaint is a mere legal conclusion devoid of any allegation of fact, CCL nonetheless denies the truth of the allegations contained in Paragraph 55 of the Complaint.  Further answering, CCL respectfully refers to the entirety of the TCPA, agency interpretations thereof, and federal case law for its proper interpretation and effect.

56.     CCL denies the truth of the allegations contained in Paragraph 56 of the Complaint.

## Apparent Authority

57.     CCL denies the truth of the allegations contained in Paragraph 57 of the Complaint.

58.     CCL denies the truth of the allegations contained in Paragraph 58 of the Complaint.

59.     CCL denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 59 of the Complaint concerning what Plaintiff believed or what statements or references were allegedly made by Ultimate Vacation, and therefore CCL denies these allegations.  CCL also answers that the authority quoted in Paragraph 59 of the Complaint speaks for itself, and CCL respectfully refers to the entirety of the Restatement (Third) of Agency and case law for its proper interpretation and effect.  CCL denies the truth of all remaining allegations contained in Paragraph 59 of the Complaint.

## Ratification

60.     CCL denies the truth of the allegations contained in Paragraph 60 of the Complaint.

61.     CCL states that Paragraph 61 of the Complaint is a mere quotation of legal authority devoid of any allegation of fact, but CCL denies applicability of the legal principal to CCL with respect to any of the allegations in the Complaint.   Further answering, CCL respectfully refers to the entirety of the Restatement (Third) of Agency and case law for its proper interpretation and effect.

62.    CCL denies the truth of the allegations contained in Paragraph 62 of the Complaint.

63.    CCL denies the truth of the allegations contained in Paragraph 63 of the Complaint.

64.    CCL denies the truth of the allegations contained in Paragraph 64 of the Complaint.

## CLASS ACTION ALLEGATIONS

65.    CCL incorporates by reference its responses to all other paragraphs of the Complaint as though fully stated herein.

66.    CCL admits only that Plaintiff purports to bring this action individually and on behalf of a putative class, but CCL denies that any such class exists or that Plaintiff has stated a valid claim for relief individually or on behalf of a putative class, and CCL denies all other allegations contained in Paragraph 66 of the Complaint.

67.    CCL admits only that Plaintiff has proposed a definition for a putative class of persons, but CCL denies that any such class of persons exists or that Plaintiff is a member of any class of similarly situated persons, as described or otherwise, with respect to the events alleged in the Complaint; CCL denies the truth of all other allegations contained in Paragraph 67 of the Complaint.

68.    CCL denies that any such class of persons exists.  CCL denies knowledge or information sufficient to form a belief as to the other allegations in Paragraph 68 and therefore denies same.

69.    CCL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Complaint and therefore denies same.

70.     CCL denies the truth of the allegations contained in Paragraph 70 of the Complaint.

71.     CCL admits that the Complaint requests injunctive relief and money damages but CCL denies any and all liability to Plaintiff or any other party for the claims asserted in the Complaint and otherwise denies the truth of the allegations contained in Paragraph 71 of the Complaint.

72.     CCL denies the truth of the allegations contained in Paragraph 72 of the Complaint.  Answering further, CCL states that the Complaint on its face lacks any factual basis for the allegation in Paragraph 72 of the Complaint.  *See* ¶69, Compl. (Plaintiff admitted he lacked knowledge of the size of the putative class, which knowledge would be necessary for him to validly aver in Paragraph 72 that joinder is impractical due to the size of the class).

73.     CCL denies the truth of the allegations contained in Paragraph 73 of the Complaint.

74.     CCL denies the truth of the allegations contained in Paragraph 74 of the Complaint.

75.     CCL denies the truth of the allegations contained in Paragraph 75 of the Complaint

76.     CCL denies the truth of the allegations contained in Paragraph 76 of the Complaint.

77.      CCL denies that Plaintiff has accurately characterized questions of law and fact involving putative class claims, and CCL denies the truth of the allegations contained in Paragraph 77 of the Complaint, and specifically denies all allegations in subparagraphs 77(a), 77(b), 77(c), 77(d), 77(e), 77(f), 77(g), 77(h), 77(i), and 77(j) of the Complaint.

78. CCL denies the truth of the allegations contained in Paragraph 78 of the Complaint.

79. CCL denies the truth of the allegations contained in Paragraph 79 of the Complaint.

80. CCL denies the truth of the allegations contained in Paragraph 80 of the Complaint.

81. CCL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of the Complaint and therefore denies same.

82. CCL denies the truth of the allegations contained in Paragraph 82 of the Complaint.

83. CCL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of the Complaint pertaining to a "suit against Ultimate for violating the TCPA" and therefore denies same. CCL denies the truth of all other allegations contained in Paragraph 83 of the Complaint.

84. CCL denies the truth of the allegations contained in Paragraph 84 of the Complaint.

85. CCL denies the truth of the allegations contained in Paragraph 85 of the Complaint.

86. CCL denies the truth of the allegations contained in Paragraph 86 of the Complaint.

87. CCL denies the truth of the allegations contained in Paragraph 87 of the Complaint.

## CAUSES OF ACTION

### FIRST COUNT

### STATUTORY VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C § 227 *ET SEQ.*

88.     CCL incorporates by reference its responses to all other paragraphs of the Complaint as though fully stated herein.

89.     CCL denies the truth of the allegations contained in Paragraph 89 of the Complaint.

90.     CCL denies the truth of the allegations contained in Paragraph 90 of the Complaint.

91.     CCL denies the truth of the allegations contained in Paragraph 91 of the Complaint.

92.     CCL denies the truth of the allegations contained in Paragraph 92 of the Complaint.

### SECOND COUNT

### KNOWING AND/OR WILLFUL VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C § 227 *ET SEQ.*

93.     CCL incorporates by reference its responses to all other paragraphs of the Complaint as though fully stated herein.

94.     CCL denies the truth of the allegations contained in Paragraph 94 of the Complaint.

95.     CCL denies the truth of the allegations contained in Paragraph 95 of the Complaint.

96.     CCL denies the truth of the allegations contained in Paragraph 96 of the Complaint.

97.     CCL denies the truth of the allegations contained in Paragraph 97 of the Complaint.

## PRAYER FOR RELIEF

CCL denies that Plaintiff and/or the putative class are entitled to any relief as set forth in the "Prayer for Relief."

## AFFIRMATIVE DEFENSES

CCL states that it intends to rely upon and otherwise preserve the following Affirmative Defenses to Plaintiff's Complaint, and respectfully reserves the right to assert other defenses if facts learned in discovery warrant amendment of CCL's Affirmative Defenses.  Accordingly, CCL asserts the following Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a plausible claim upon which relief can be granted under any theory of action.  Further, this defense includes, but is not limited to, Plaintiff's failure to state a claim under the TCPA because CCL did not initiate the alleged telephone call(s) to Plaintiff.  *See* 47 U.S.C. §227(b)(1); *compare* Subsection §227(c)(5) (allowing an "on behalf of" liability claim for solicitations to those on the national Do Not Call list).  Subsection 227(c)(5) is the only section within the entire text of the TCPA where Congress chose to use the words "on behalf of."  Nowhere in the Complaint has Plaintiff alleged that his telephone number is registered with the Do Not Call list.  Moreover, to state a plausible claim for relief based upon a violation of

Subsection 227(b)(1), a plaintiff must plead that a defendant called a specific telephone number,[2] and Plaintiff has failed to identify the telephone number that he claims was called as the basis for his claims alleged in the Complaint.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state a plausible cause of action for class relief pursuant to Federal Rule of Civil Procedure 23, in that, *inter alia*, the claims Plaintiff asserts cannot be common or typical of the claims of the putative class.  Nor is class relief superior to other available methods for fairly and efficiently adjudicating the claims Plaintiff asserts warrant class treatment. Further, the proposed class is overly broad, and Plaintiff's status as a professional plaintiff who welcomes and even encourages telemarketing calls to his residence as a means of developing TCPA class action claims where none legitimately exists for his own pecuniary benefit, raises defenses that are unique and applicable only to his claims, such that Plaintiff is incapable of being an adequate representative of the putative class.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to satisfy all conditions precedent necessary to maintain his claims.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, and none being admitted, were not caused by CCL, but were caused by another person or entity, including the Plaintiff and/or Defendant Ultimate Vacations Group, LLC.  CCL is not responsible for these parties and CCL exercises no control and/or has no right to control over their activities.

---

[2]     *Strand v. Corinthian Colleges, Inc.*, 2014 U.S. Dist. LEXIS 52963 at *7-9 (W.D. Mich. Apr. 17, 2014) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## FIFTH AFFIRMATIVE DEFENSE

CCL is not liable for the acts of the third party(ies) making and/or initiating the call(s) because such party(ies) was(were), at all relevant times, separate and distinct from CCL and CCL has no ownership, direction or control of any such party(ies).  Recovery, if any, should be from the third party(ies) that made and/or initiated the telephone call(s), not CCL.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because he and class members, if any, consented to be called on their cellular and/or residential telephones.

## EIGHTH AFFIRMATIVE DEFENSE

CCL asserts a defense of entrapment to Plaintiff's claims, to the extent the alleged call or calls described in the Complaint were encouraged by Plaintiff in order to entrap the defendants into alleged violations of the TCPA as part of Plaintiff's scheme to manufacture a class action TCPA case to use as leverage to exact a large settlement for his own personal benefit only.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff did not suffer any actual damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for treble damages are barred because CCL did not engage in knowing or willful misconduct.

## ELEVENTH AFFIRMATIVE DEFENSE

CCL complied with all applicable statutory, regulatory, and common law requirements and accordingly, Plaintiff's claims are barred by CCL's compliance with all applicable state, federal, and local laws and regulations.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the TCPA violates CCL's First Amendment right to free speech. Specifically, the TCPA improperly inhibits the exercise of constitutionally protected speech.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the TCPA, within the context of a class action, is violative of CCL's constitutional rights under the Eighth Amendment prohibition against excessive fines and cruel and unusual punishment.

## FOURTEENTH AFFIRMATIVE DEFENSE

Maintenance of this action as a class action is inconsistent with the legislative intent of the TCPA in that the United States Congress intended that claims under the TCPA proceed as individual actions.  The TCPA's legislative history supports a conclusion that class actions were not intended, but rather that Congress envisioned the statute as providing a private right of action to consumers receiving the specifically prohibited communications, allowing them to pursue the statutory damages of $500 in small claims court without an attorney. In holding that a class action could not proceed under the TCPA, one federal district court determined that "the statutory remedy is designed to provide adequate incentive for an individual plaintiff to bring suit on his own behalf..." [3]   A class action would be inconsistent with the specific and personal

---

[3]   *See Forman v. Data Transfer, Inc.,* 164 F.R.D. 400, at 404-05.

remedy provided by Congress to address the minor nuisance of unsolicited facsimile advertisements.[4]

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands due to Plaintiff's inequitable conduct in seeking to entrap defendants into alleged violations of the TCPA as a means of manufacturing a class action lawsuit to use as leverage to exact a settlement for his personal benefit in an amount exceeding any damages he could claim for his individual claims.

### SIXTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks to hold CCL liable under the TCPA for telephone calls it did not make and/or initiate, the TCPA does not provide for any such liability, including, but not limited to, strict "on behalf of" liability.[5]

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages, if any, based in part on Plaintiff's failure to notify the caller(s) that calls were made to his cellular and/or residential telephone and on his failure to request that the calls cease.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of ratification.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because none of the Defendants in this case used an automatic telephone dialing system as defined under the TCPA and no automatic telephone dialing system was used to contact Plaintiff.[6]

---

[4]    *Id.*

[5]    *See Applestein v. Fairfield Resorts*, 2009 WL 5604429 (Md. Ct. Spec. App. July 8, 2009); *see also Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084 (C.D. Cal., 2012); *Mey v. Pinnacle Security, LLC*, 2012 WL 4009718 at *4 (N.D. W.V., Sept. 12, 2012).

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the telephone calls about which Plaintiff complains were, at all times, monitored by a live human agent who was interacting with the called party during the telephone call and was available during the entire duration of the call.  Thus, any such telephone calls would not violate the TCPA.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of laches and/or waiver.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of *in pari delicto*.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for failure to join necessary and indispensable parties.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff prevails in demonstrating any liability by CCL for the claims in the Complaint, CCL is entitled to contribution or indemnification from Defendant Ultimate Vacation Group, LLC and from any third party(ies) that made, initiated, or facilitated the telephone call(s) described in the Complaint.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks to hold CCL liable under a theory of vicarious liability, the claims against CCL fails because Defendant Ultimate Vacation Group, LLC had neither the actual authority nor the apparent authority to act on behalf of CCL with respect to the alleged

---

[6]     *See* 47 U.S.C. §227(b)(1)(A)(iii); *Kramer v. Autobytel, Inc.,* 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010).

telephone calls described in the Complaint.  There was no express or implied agency agreement, written or oral agreement, between Defendant Ultimate Vacation Group, LLC and Caribbean or Celebration with respect to the alleged telephone calls described in the Complaint.  As such, there is no basis for Plaintiff to allege Defendant Ultimate Vacation Group, LLC had actual authority to act on behalf of CCL.  CCL has never communicated directly or indirectly with the Plaintiff or taken any action that would instill in Plaintiff a reasonable belief that Defendant Ultimate Vacation Group, LLC had authority to act on behalf of CCL, and Plaintiff has not alleged as much.  Accordingly, there is no basis for Plaintiff to allege that Defendant Ultimate Vacation Group, LLC had apparent authority to act on behalf of CCL.  Additionally, there is no basis for vicarious liability with respect to the alleged telephone calls described in the Complaint because neither Caribbean nor Celebration had any right to control the actions of Defendant Ultimate Vacation Group, LLC.  Moreover, no such claims have been pleaded, with particularity or otherwise, and the law does not provide for such a remedy.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against CCL in the Complaint must be dismissed because this Court lacks personal jurisdiction over CCL.  Neither Caribbean nor Celebration have had minimum contacts with the State of Texas, have been present in the forum state, have been served within the forum state, or have participated, facilitated, or engaged in any conduct, action, or acquiescence that would constitute a purposeful availment of the laws and protections of the forum state or otherwise subject them to personal jurisdiction in the forum state.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims against CCL in the Complaint must be dismissed because Plaintiff has brought these claims in an improper venue.  Neither Caribbean nor Celebration reside in this

district or are subject to personal jurisdiction in this District, and they are not responsible for any events or omissions giving rise to the alleged claims in the Complaint that Plaintiff purports occurred within this District.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims may be barred by the exceptions provided under the TCPA.

**RESERVATION**

Plaintiff's Complaint does not describe the claims made against CCL with sufficient particularity to enable CCL to determine what additional defenses it may have in response to the Complaint, so CCL reserves its right to assert any additional defenses which may be applicable once the precise nature of the underlying matters is pleaded or otherwise ascertained through discovery, investigation, or otherwise. CCL further reserves the right to amend this Answer and Affirmative Defenses up and through the time of trial to assert any additional affirmative defenses, when and if, during the course of its investigation, discovery or preparation for trial, it becomes appropriate to assert such affirmative defenses.

WHEREFORE, Defendants, CARIBBEAN CRUISE LINE, INC. and CELEBRATION CRUISE LINE, LLC , respectfully request that this Court enter judgment against Plaintiff and in favor of CCL, dismiss this action with prejudice, deny Plaintiff's request for class certification, award CCL its reasonable attorneys' fees and costs incurred in defending this action, and for such other relief this Court deems just and proper.

DATED: December 23, 2014

Respectfully submitted,

*/s/ Jeffrey A. Backman*
RICHARD EPSTEIN, ESQ.
Fla. Bar No. 229091
(Admission Pro Hac Vice)

richard.epstein@gmlaw.com
JEFFREY A. BACKMAN, ESQ.
Fla. Bar No. 662501
(Admission Pro Hac Vice)
jeffrey.backman@gmlaw.com
GREENSPOON MARDER, P.A.
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Telephone: (954) 491-1120
Facsimile: (954) 213-0140

GEORGE P. PAPPAS, ESQ.
Texas Bar No.
gpappas@sheehyware.com
SHEEHY, WARE  & PAPPAS, P.C.
909 Fannin Street, Suite 2500
Houston, TX 77010
Telephone: (713) 951-1067
Facsimile: (713) 951-1199

*COUNSEL FOR CCL*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system on this 23rd day of December, 2014.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing electronically.

*/s/ Jeffrey A. Backman*_____
JEFFREY A. BACKMAN, ESQ.

## SERVICE LIST

**David Edwards Wynne, Esq,**
WYNNE & WYNNE LLP
1021 Main Street
Suite 1275
Houston, TX 77002
Telephone: 713-227-8835
Facsimile: 713-227-6205
Email: dwynne@wynne-law.com

*Attorneys for Plaintiff*


**Jason T. Wagner, Esq,**
WAGNER, SAENZ DORITY
3700 Buffalo Speedway
Suite 610
Houston, TX 77098
Telephone: 713-554-8450
Facsimile: 713-554-8451
Email: jwagner@wsdllp.com

**Joseph W. Sanscriante, Esq,**
LAW OFFICE OF JOSEPH W. SANSCRIANTE
1120 6th Avenue, 4th Floor
New York, NY 10036
Telephone: 212-626-6934
Facsimile: 212-626-6942
Email: jws@sanscriante.com

*Attorneys for Defendant Ultimate Vacation Group, LLC*
*d/b/a Royal Bahama Cruise Line*