## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

JOE SHIELDS

| | |
|---|---|
| *Plaintiff on behalf of himself and all others similarly situated* ) ) ) | |
| v.                                    ) ) | **CIVIL ACTION NO. 3:14-cv-00285** |
| ULTIMATE VACATION GROUP, LLC ) d/b/a ROYAL BAHAMAS CRUISE LINE, ) CARIBBEAN CRUISE LINE, INC., ) CELEBRATION CRUISE LINE, LLC, ) CELEBRATION CRUISE HOLDING, ) INC., NATIONWIDE RESERVATIONS, ) INC, and BAHAMAS PARADISE CRUISE ) LINE, LLC                      ) ) | Judge George C. Hanks Jr. |
| *Defendants.*                          ) | |

---

## DEFENDANT CARIBBEAN CRUISE LINE, INC.'S MOTION TO DISMISS THIRD AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE CLAIMS FOR RELIEF, AND SUPPORTING <u>MEMORANDUM OF LAW</u>

Defendant, CARIBBEAN CRUISE LINE, INC. ("Caribbean"), pursuant to Rules

12(b)(2) and (6) of the Federal Rules of Civil Procedure, Southern District of Texas

Local Rule 7, and Paragraph 7(A) of the Court's Court Procedures, respectfully moves to

dismiss Plaintiff's Third Amended Complaint.

DATED: June 19, 2015

Respectfully submitted,

*/s/ Jeffrey A. Backman*
RICHARD EPSTEIN, ESQ.

Case No. 3:14-cv-00285
Caribbean Cruise Line Inc.'s Motion to Dismiss
Third Amended Complaint and Supporting Memorandum of Law

Fla. Bar No. 229091
(Admission Pro Hac Vice)
richard.epstein@gmlaw.com
JEFFREY A. BACKMAN, ESQ.
Fla. Bar No. 662501
(Admission Pro Hac Vice)
jeffrey.backman@gmlaw.com
GREENSPOON MARDER, P.A.
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Telephone: (954) 491-1120
Facsimile: (954) 213-0140

GEORGE P. PAPPAS, ESQ.
Texas Bar No.
gpappas@sheehyware.com
SHEEHY, WARE  & PAPPAS, P.C.
909 Fannin Street, Suite 2500
Houston, TX 77010
Telephone: (713) 951-1067
Facsimile: (713) 951-1199

*COUNSEL FOR CARIBBEAN*

Case No. 3:14-cv-00285
Caribbean Cruise Line Inc.'s Motion to Dismiss
Third Amended Complaint and Supporting Memorandum of Law

## TABLE OF CONTENTS

Style and Signature Block. ........................................................................ i

Table of Contents. .................................................................................. iii

Table of Citations. ................................................................................... v

Statement of the Nature and Stage of the Proceeding. ............................... 1

Statement of the Issues to be Ruled Upon. ............................................... 3

Short Summary of Argument. .................................................................... 3

Argument.................................................................................................. 6

I.      Plaintiff Third Amended Complaint Must Be Dismissed against
        Caribbean for Lack of Personal Jurisdiction...................................... 6

        a.      Personal Jurisdiction Standard and Analysis ......................... 7

        b.      Caribbean Is not Subject to Personal Jurisdiction in Texas
                for Claims in the Third Amended Complaint ......................... 9

II.     The Third Amended Complaint Fails to State a Plausible Claim for
        Relief against Caribbean upon which Relief May be Granted ........ 13

        a.      A Claim Must Be Dismissed if not Plausible on the Face of
                the Complaint under Fed.R.Civ.P 12(b)(6)........................... 13

        b.      The Third Amended Complaint Fails to Allege Sufficient
                Facts to State a Plausible Claim for Relief against Caribbean
                under the TCPA, Based on either Direct or Vicarious
                Theories of Liability ........................................................... 15

        c.      Plaintiff Fails to Plead Facts Necessary to Support Collective
                Liability of Five Defendants or Pierce their Corporate Veils,
                Asserting only Conclusions and Reckless Speculation ........ 21

Case No. 3:14-cv-00285
Caribbean Cruise Line Inc.'s Motion to Dismiss
Third Amended Complaint and Supporting Memorandum of Law

d.      Plaintiff Fails to Allege Facts to Support a Plausible
        Fraudulent Transfer Claim .................................................... 24


CONCLUSION ............................................................................................ 25

Case No. 3:14-cv-00285
Caribbean Cruise Line Inc.'s Motion to Dismiss
Third Amended Complaint and Supporting Memorandum of Law

## TABLE OF CITATIONS

*Ashcroft v. Iqbal,*
    556 U.S. 662, 129 S.Ct. 1937 (2009) ........................................................ 3, 14

*Bank v. Philips Electronics North America Corp.,*
    2015 WL 1650926 (E.D. N.Y. April 14, 2015) .................................... 17-18

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544, 127 S.Ct. 1955, (2007) .................................................... 14, 21

*Bentley v. Bank of America, N.A.,*
    773 F. Supp. 2d 1367 (S.D. Fla. 2011) ........................................................ 21

*Burger King Corp. v. Rudzewicz,*
    471 U.S. 462, 105 S.Ct. 2174  (1985) ............................................................ 8

*Clemens v. McNamee,*
    615 F.3d 374 (5th Cir. 2010).................................................................... 9, 12

*Cunningham v. Kondaur Capital,*
    2014 WL 8335868 (M.D. Tenn. Nov. 19, 2014) ................ 5-6, 15-16, 19-20

*Felch v. Transportes Lar-Mex SA DE CV,*
    92 F.3d 320 (5th Cir. 1996)........................................................................ 3, 6

*Ferrer v. Chevron Corp.,*
    484 F.3d 776 (5th Cir. 2007) .................................................................... 3, 14

*Frito-Lay, Inc. v. Proctor & Gamble Corp.,*
    364 F. Supp. 243 (N.D. Tex, 1973)............................................................. 23

*Helicopteros Nacionales de Columbia, S.A.,*
    466 U.S. 408,  S. Ct.   (1984) ....................................................................... 8

*In re Crescent Res., LLC,*
    2012 WL 195528 (U.S. Bankr., W.D. Tex., Jan. 23, 2012)............... 6, 24-25

*In re Joint Pet. Filed by Dish Network, LLC,*
    Declaratory Ruling, 28 FCC Rcd. 6574, (May 9, 2013) .................... 5, 15-17

Case No. 3:14-cv-00285
Caribbean Cruise Line Inc.'s Motion to Dismiss
Third Amended Complaint and Supporting Memorandum of Law

*International Shoe Co. v. Washington,*
  326 U.S. 310, 66 S.Ct. 154 (1945) ............................................................. 7-8

*Jackson v. Caribbean Cruise Line, Inc.,*
  2015 WL 667862 (E.D. N.Y., Feb. 17, 2015) ........................................ 17-18

*Johnston v. Multidata Sys. Int'l Corp.,*
  523 F.3d 602, (5th Cir. 2008) ..................................................... 4, 6-9, 11

*Lovelace v. Software Spectrum Inc.,*
  78 F.3d 1015, (5th Cir. 2001) ....................................................... 23

*McFadin v. Gerber,*
  587 F.3d 753, 759 (5th Cir. 2009) ............................................. 8-9, 12

*Moore v. Bowie County, Tex.,*
  2012 WL 4355031 ...................................................................... 21

*Morris v. B.C. Olympiakos, SFP,*
  721 F. Supp. 2d 546 (S.D. Tex. 2010) .......................................... 4

*Norfolk Southern Railway Co. v. Trinity Industries, Inc.,*
  2009 WL 362437 (N.D. Tex. Feb. 13, 2009) ................................. 22

*Norris v. Hearst Trust,*
  500 F.3d 454 (5th Cir. 2007) ...................................................... 14

*Opp v. Wheaton Van Line, Inc.,*
  231 F.3d 1060 (7th Cir. 2000) .................................................... 19

*Panda Brandywine Corp. v. Potomac Elec. Power Co.,*
  253 F.3d 865, (5th Cir. 2001) ................................................. 3, 10

*Sefton v. Toyota Motor Sales U.S.A.,*
  2010 WL 1506709 (N.D. Ill. Apr. 14, 2010) ............................... 17

*Seitz v. Envirotech Systems Worldwide, Inc.,*
  513 F. Supp. 2d 855 (S.D. Tex. 2007) ..................................... 5, 13

*Smith v. State Farm Mut. Auto. Ins. Co.,*

vi

Case No. 3:14-cv-00285
Caribbean Cruise Line Inc.'s Motion to Dismiss
Third Amended Complaint and Supporting Memorandum of Law

2014 WL 3906923 (N.D. Ill. Aug. 11, 2014)......................................... 16-17

*Spivey v. Robertson,*
   197 F.3d 772 (5th Cir. 1999)............................................................. 3

*Stuart v. Spademan,*
   772 F.2d 1185 (5th Cir. 1985)........................................................ 12

*The Siding & Insulation Co. v. Alco Vending, Inc.,*
   2015 WL 1858935 (N.D. Ohio Apr. 22, 2015)............................... 17

*Toney v. Quality Resources, Inc.,*
   2014 WL 6757978 (N.D. Ill., Dec. 1, 2014) .................................5-6, 15-20

*UTex Communications Corp. v. Pub. Util. Comm'n of Tex.,*
   514 F. Supp. 2d 963 (W.D. Tex. 2007)........................................... 14

*Walden v. Fiore,*
   134 S.Ct. 1115 (2014) ..................................................................... 12

*White Rosebay Shipping S.A. v. HNA Group Co., Ltd.,*
   2012 WL 6858239 (S.D. Tex. Dec. 5, 2012) ........................... 13, 22

*Wilson v. Belin,*
   20 F.3d 644 (5th Cir. 1994)............................................................. 7

*World-Wide Volkswagen Corp. v. Woodson,*
   444 U.S. 286 (1980) ........................................................................ 9

Fed. R. Civ. P. 8(a) .................................................................................14, 21

Fed. R. Civ. P. 9(b) .....................................................................................24

Fed.R.Civ.P. 10(b) ......................................................................................21

Fed. R. Evid. 202 .........................................................................................23

Restatement (Third) of Agency § 2.03 cmt. c ...................................... 19

Restatement (Third) of Agency § 4.01(1) .............................................. 20

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

Plaintiff Joe Shields ("Plaintiff") filed this putative class action on September 3, 2014, against Ultimate Vacation Group, LLC ("Ultimate") for a single call to his cellular phone allegedly made by Ultimate in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"). Plaintiff filed his Amended Complaint a month later, joining Caribbean, Celebration Cruise Line, LLC ("Celebration") and Celebration Cruise International Ltd. Corp.,[1] asserting claims against them collectively as the "Cruise Line Defendants."[2] The Amended Complaint did not allege the "Cruise Line Defendants" made a call to Plaintiff, or had any direct contacts or transactions with Plaintiff. Instead, as his sole basis of liability against the "Cruise Line Defendants," Plaintiff alleged, *upon information and belief,* that Ultimate called Plaintiff on their behalf and they controlled Ultimate's actions and/or authorized or ratified the call.[3]

Notwithstanding that neither Caribbean nor Celebration had any involvement with the alleged calls by Ultimate or any act described in the Amended Complaint,[4] Caribbean and Celebration filed an answer, raising affirmative defenses including a defense of lack of personal jurisdiction and failure to state a claim for relief.[5] At a status conference on January 22, 2015, the Court denied Plaintiff's motion for class certification with leave to

---

[1]   No appearance was made on behalf of this entity, which Plaintiff never served but purportedly joined as a party based upon Plaintiff's speculation that it was somehow remotely liable for the alleged calls.

[2]   *See* Am. Compl. (DE 9).

[3]   *Id.* at ¶¶36, 38.

[4]   *See* Declaration of Jennifer Poole on behalf of Caribbean ("CCL Decl."), at ¶¶12-14 (attached as **Exhibit "A"**), and Declaration of Glenn Ryerson on behalf of Celebration, at ¶¶12-14 (attached as **Exhibit "B"**).

[5]   Ans. & Aff. Defs. (DE 21).

Case No. 3:14-cv-00285
Caribbean Cruise Line's Motion to Dismiss
Third Amended Complaint and Supporting Memorandum of Law

re-file by July 31, 2015, and entered a scheduling Order (DE 31) that provided a discovery deadline of October 9, 2015, which this Court recently extended to November 9, 2015.[6]  In answering three sets of discovery propounded by Plaintiff, it was disclosed to Plaintiff that neither Caribbean nor Celebration were involved with the alleged telemarketing by Ultimate, and non-party Nationwide Reservations, Inc. ("Nationwide") had contracted with Ultimate only to provide fulfillment of cruises – in Florida – for vacation packages that Ultimate was selling when it allegedly called Plaintiff.

Plaintiff moved to amend on April 20, 2015, seeking leave to file a Second Amended Complaint adding three additional defendants but continuing to assert claims against Caribbean and Celebration, defining all five defendants as "Cruise Line Defendants" and again premising their liability solely upon information and belief, including a new confusing and speculative alter ego theory of liability.  After counsel for Caribbean advised Plaintiff that he had misnamed two of the three new defendants, Plaintiff filed his Third Amended Complaint without obtaining leave of court or circulating a copy to defendants.  Notwithstanding the procedural confusion created by Plaintiff, counsel for Caribbean and Celebration agreed to accept service of the Third Amended Complaint on behalf of the new Defendants, Nationwide, Celebration Cruise Holding, Inc. ("CCH"), and Bahamas Paradise Cruise Line, LLC ("Bahamas"), and to file responses to the pleading by June 19, 2015.

---

[6]  See Docket Control Order (DE 60).

Case No. 3:14-cv-00285
Caribbean Cruise Line's Motion to Dismiss
Third Amended Complaint and Supporting Memorandum of Law

## STATEMENT OF THE ISSUES TO BE RULED UPON

(1)    Fed. R. Civ. P. 12(b)(2):  Whether or not this Court can exercise personal jurisdiction over Caribbean for the claims in the Third Amended Complaint.  A plaintiff has the burden of making a *prima facie* showing that personal jurisdiction exists over the moving defendant.[7]  While the Court is to view jurisdictional allegations as true and in a light most favorable to the plaintiff, a plaintiff cannot simply rely on conclusory allegations as to the Court's personal jurisdiction over a defendant.[8]

(2)    Fed. R. Civ. P. 12(b)(6):  Whether or not the Third Amended Complaint states a plausible claim for relief against Caribbean.  When examining the merits of a Rule 12(b)(6) motion, the complaint's factual allegations are accepted as true and construed most favorably to the plaintiff,[9] but the Court has no obligation to accept as true legal conclusions or unwarranted factual inferences.[10]

## SHORT SUMMARY OF ARGUMENT

The Third Amended Complaint must be dismissed as a mass of legal conclusions, unwarranted factual inferences, and reckless speculation asserting boiler-plate allegations collectively against five separate Defendants that never called Plaintiff or had any contact with him.  Other than alleging (correctly) that Caribbean is a Florida corporation, the Third Amended Complaint fails to describe or identify any act or conduct attributable to

---

[7]  *Felch v. Transportes Lar-Mex SA DE CV*, 92 F.3d 320, 326 (5th Cir. 1996).
[8]  *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868-869 (5th Cir. 2001).
[9]  *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).
[10]  *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007); *see also Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009).

Case No. 3:14-cv-00285
Caribbean Cruise Line's Motion to Dismiss
Third Amended Complaint and Supporting Memorandum of Law

Caribbean, and alleges no facts that would establish a plausible claim for relief or support personal jurisdiction over this non-resident defendant.

To support personal jurisdiction, Plaintiff offers only a formulaic statement that the Court has jurisdiction over six defendants because "they have established minimum contacts showing they purposefully avail themselves of the resources and protection of the State of Texas," making reference to a Texas telephone number purportedly used by Ultimate to call Plaintiff and claiming the "conduct at issue in this case" occurred in Texas.[11] However, no conduct by Caribbean is described at all by Plaintiff.

In contrast, Caribbean has specifically averred facts negating Plaintiff's jurisdictional conclusions, demonstrating that it has no systematic and continuous contact with Texas to establish general jurisdiction, and no contacts with Texas with regard to the call(s) underlying Plaintiff's claims that would give rise to specific jurisdiction.[12] At most, Caribbean's contacts with residents in Texas has been limited to direct mailing and phone calls that are unrelated to the call alleged in his Third Amended Complaint,[13] which is insufficient to support jurisdiction over Caribbean in this case.[14] Additionally, Caribbean has never been a parent or subsidiary of any other defendant, and does not

---

[11] 3d Am. Compl., at ¶6.

[12] ¶¶5-17, CCL Decl.; *see Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 612 (5th Cir. 2008) (systematic and continuous test to support general jurisdiction is difficult to satisfy, and plaintiff will be held to high standard and must allege facts to show the extent, duration and frequency of contacts); *Morris v. B.C. Olympiakos, SFP*, 721 F. Supp. 2d 546, 557 (S.D. Tex. 2010) (specific jurisdiction requires a "direct link" between claims and a defendant's contacts in the forum).

[13] ¶11, CCL Decl.

[14] *See Johnston*, 523 F.3d at 609 (random or attenuated contacts, and even repeated contacts, with forum residents are not sufficient to establish jurisdiction).

Case No. 3:14-cv-00285
Caribbean Cruise Line's Motion to Dismiss
Third Amended Complaint and Supporting Memorandum of Law

exercise complete authority over any of them so as to support jurisdiction under the alter

ego or veil-piercing theory of liability, as Plaintiff has defectively attempted to allege.[15]

The Third Amended Complaint also fails to allege rudimentary facts to support a

plausible claim for relief under the TCPA against Caribbean based on direct or vicarious

liability.   Plaintiff does not contend Caribbean physically placed the alleged call

underlying his claims to show direct liability.[16]  Plaintiff's collective allegations, asserted

on information and belief, that the five "Cruise Line Defendants" controlled or ratified

Ultimate's conduct or that Ultimate acted on their behalf does not state a TCPA claim

against Caribbean based upon vicarious liability.  Plaintiff has not alleged sufficient facts

to allege an actual agency relationship between Caribbean and Ultimate, including that

Caribbean and Ultimate had a contract or Caribbean had a right to direct or control

Ultimate's alleged telemarketing.[17]  Plaintiff has not alleged that he reasonably believed

Ultimate was an agent of Caribbean and his belief is traceable to a manifestation of

Ultimate's authority by Caribbean, as required to plead apparent authority.[18]  Plaintiff's

ratification theory fails, as Plaintiff has not alleged Caribbean accepted any benefit from

---

[15]  ¶¶16-17, CCL Decl.; *see Seitz v. Envirotech Systems Worldwide, Inc.*, 513 F. Supp. 2d 855, 865-866 (S.D. Tex. 2007) (conclusory allegations insufficient to overcome presumption of corporate separateness and support a *prima facie* showing of personal jurisdiction under an alter ego theory).

[16]  *See Toney v. Quality Resources, Inc.*, 2014 WL 6757978 * 9 (N.D. Ill., Dec. 1, 2014) (defendant is not directly liable for call under the TCPA unless it physically places the call) (citing *In re Joint Pet. Filed by Dish Network, LLC*, Declaratory Ruling, 28 FCC Rcd. 6574, 6582-83 ¶¶24-26 (May 9, 2013) [hereinafter "*Dish Network*"]).

[17]  *Id*. at *10-11.

[18]  *See Cunningham v. Kondaur Capital*, 2014 WL 8335868 * 7 (M.D. Tenn., Nov. 19, 2014) (dismissing TCPA claims for failure to plead facts showing defendant had any control over caller or gave authority to make calls on its behalf).

Case No. 3:14-cv-00285
Caribbean Cruise Line's Motion to Dismiss
Third Amended Complaint and Supporting Memorandum of Law

Ultimate's alleged call, or that he bought anything as a result of Ultimate alleged call.[19]

Lastly, the Third Amended Complaint includes a formulaic recitation of the elements of a fraudulent transfer claim that is insufficient to state a cause of action.[20]

Accordingly, the Third Amended Complaint must be dismissed for failing to allege facts to support personal jurisdiction over Caribbean, impermissibly lumping five Defendants together, and failing to state a plausible claim against Caribbean.

## ARGUMENT

### I.    Plaintiff's Third Amended Complaint Must Be Dismissed against Caribbean for Lack of Personal Jurisdiction

The Third Amended Complaint must be dismissed for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) because Plaintiff has failed to meet his burden of making a *prima facie* showing that personal jurisdiction exists.[21]   While the Court is to view the evidence in the light most favorable to the plaintiff, the plaintiff must produce *some* evidence beyond its complaint and cannot simply rely on conclusory allegations as to the Court's personal jurisdiction over a defendant.[22]

---

[19]   *Toney*, 2014 WL 6757978 at * 12; *Cunningham*, 2014 WL 8335868 at *7.
[20]   This newly asserted claim, based upon a nebulous reference to "insurance proceeds" being transferred, is nothing more than generalized statement of a constructive fraudulent transfer claim, and fails to allege the requisite specific facts necessary to establish a claim for actual fraud. *See In re Crescent Res., LLC*, 2012 WL 195528 * 8-9 (U.S. Bankr., W.D. Tex. Jan. 23, 2012) (dismissing trustee's fraudulent transfer claims for failure to plead sufficient facts, including facts under the heightened pleading standard of Fed. R. Civ. P. 9(b) for a fraudulent transfer claim based upon actual fraud).
[21]   *See Felch*, 92 F.3d at 326 (plaintiff failed to establish prima facie case of personal jurisdiction over out-of-state defendant).
[22]   *Johnston*, 523 F.3d at 612.

Case No. 3:14-cv-00285
Caribbean Cruise Line's Motion to Dismiss
Third Amended Complaint and Supporting Memorandum of Law

### a. Personal Jurisdiction Standard and Analysis

The analysis of whether a federal court has personal jurisdiction over a nonresident defendant is two-fold. The Court must determine first if the nonresident defendant is subject to the forum state's long-arm statute, and then if the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment.[23] The Texas's long-arm statute, which enumerates a non-exclusive list of acts by a nonresident that may constitute doing business in the state,[24] extends to the limits of federal due process, so the two-step inquiry collapses into one federal due process analysis.[25] Federal due process requires a plaintiff to prove: (1) that the non-resident purposely availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with the state; and (2) that the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice."[26] The "minimum contacts" prong of the inquiry may be further subdivided into contacts that give rise to "specific" personal jurisdiction and those that give rise to "general" personal jurisdiction.[27]

General jurisdiction exists if a defendant has carried on in the forum state a continuous and systematic part of its general business, even if the cause of action did not

---

[23] *Id.*, 523 F.3d at 609.
[24] Tex. Civ. Prac. & Rem. Code Ann. § 17.042.
[25] *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).
[26] *Id.* (citing *Intl. Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).
[27] *Wilson*, 20 F.3d at 647.

Case No. 3:14-cv-00285
Caribbean Cruise Line's Motion to Dismiss
Third Amended Complaint and Supporting Memorandum of Law

arise out of the defendant's contacts with the forum.[28]   The plaintiff must make a *prima facie* showing that the defendant's contacts with the forum state were not random, fortuitous, or attenuated.[29] These contacts must be "so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely different from those activities." [30]  A defendant with such presence typically maintains an office in the forum state from which it conducts business activities, maintains files, holds director meetings, mails and receives correspondence, and distributes salary checks; such a defendant also typically has a banking relationship and an agent for service of process within the forum state.[31]

Specific jurisdiction, on the other hand, requires that the plaintiff's injury have occurred within, or had some connection to, the forum state, such that the defendant purposely directed its activities at the forum state and the claim arises out of, or relates to, those activities.[32] The Fifth Circuit employs a three (3) step analysis for specific jurisdiction: "(1) whether the defendant has minimum contacts with the forum state, *i.e.*, whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of

---

[28]  *Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 415 (1984).
[29]  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).
[30]  *Intl. Shoe*, 326 U.S. at 320.
[31]   *Helicopteros Nacionales*, 466 U.S. at 414; *see also Johnston*, 523 F.3d at 611 (standard for general jurisdiction is "fairly high," and commercial contact, absent other indicia of corporate presence, is typically insufficient to establish general jurisdiction)
[32]  *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009).

Case No. 3:14-cv-00285
Caribbean Cruise Line's Motion to Dismiss
Third Amended Complaint and Supporting Memorandum of Law

action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable."[33]

An assertion of personal jurisdiction, whether specific or general, is also subject to the Due Process Clause.[34]  Due process requires that the defendant have sufficient minimum contacts with the forum and exists only when the defendant's conduct and connection with the forum state are such that the defendant may reasonably anticipate being haled into court in the jurisdiction[35]  To comport with the "fair play and substantial justice" element of due process, a defendant's contacts must be more than "random, fortuitous or attenuated."[36]

### b. Caribbean Is not Subject to Personal Jurisdiction in Texas for Claims in the Third Amended Complaint

Plaintiff's Third Amended Complaint fails to allege sufficient facts to support personal jurisdiction over Caribbean, which, like every defendant in this action, is undisputedly a nonresident defendant[37] for which the two-step jurisdictional analysis must be employed  Apart from the allegation that Ultimate called Plaintiff's cellular phone in Texas, the Third Amended Complaint does not identify any act or conduct that took place or involved contact with Texas.  As to this singular call, Plaintiff seeks to invoke this Court's jurisdiction over Caribbean by alleging that the five separate entities that he has defined as Cruise Line Defendants "caused" Ultimate to call him.  This

---

[33] *McFadin*, 587 F.3d at 759.

[34] *Johnston*, 523 F.3d at 609.

[35] *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

[36] *Clemens v. McNamee*, 615 F.3d 374, 379 (5th Cir. 2010).

[37] ¶ 9-14, 3d Am. Compl.

Case No. 3:14-cv-00285
Caribbean Cruise Line's Motion to Dismiss
Third Amended Complaint and Supporting Memorandum of Law

conclusory allegation of collective liability – the sole basis for personal jurisdiction against Caribbean – is directly refuted by Caribbean in its declaration: Caribbean never employed or contracted with Ultimate to call or otherwise contact persons in Texas, did not exercise any control over the actions of Ultimate, and was not otherwise involved in alleged telemarketing by Ultimate to persons in Texas.[38]

Plaintiff's "jurisdictional" statement is wholly conclusory, stating that Caribbean and five other defendants collectively "established minimum contacts showing they purposefully availed themselves of the resources and protection of Texas."[39]  Plaintiff cannot rely on conclusory allegations that fail to describe any specific conduct by any particular defendant to show this Court's personal jurisdiction over Caribbean.[40]  This formulaic recital of the elements of personal jurisdiction apprises the Court of nothing, and substantially fails to establish that personal jurisdiction exists with respect to *each* Defendant.   Indeed, Plaintiff does not allege ***any*** acts or conduct by Caribbean to establish a prima facie case of personal jurisdiction.

Moreover, with regard to Caribbean, Plaintiff has not and cannot establish either specific or general jurisdiction. Caribbean did not make any call described in the Third Amended Complaint.[41]  Thus, specific jurisdiction does not exist because the causes of action are not related to any contacts Caribbean may have with the forum state.  Nor is

---

[38]  CCL Decl., at ¶¶13-16.

[39]  *See* 3d Am. Compl., at ¶6.

[40]  *Panda*, 253 F.3d at 869 ("the prima-facie-case requirement does not require the court to credit conclusory allegations, even if uncontroverted").

[41]  CCL Decl., at ¶12; *See* 3d Am. Compl.

Case No. 3:14-cv-00285
Caribbean Cruise Line's Motion to Dismiss
Third Amended Complaint and Supporting Memorandum of Law

Caribbean subject to general jurisdiction in Texas. Caribbean is a Florida corporation, with its principle place of business in Broward County, Florida.[42] Caribbean does not have any real estate, offices, equipment, bank accounts, investments, employees, representatives, or agents located in the State of Texas.[43] Indeed, Caribbean does not have employees or agents visit the State of Texas for purposes of transacting or soliciting business.[44] Caribbean is not currently involved in any other lawsuit pending in a Texas state or federal court.[45] Thus, it is apparent that none of the traditional "continuous and systematic" contacts establishing general jurisdiction exist as to Caribbean. Furthermore, Caribbean does not engage in any of the acts enumerated in Texas' long-arm statute as doing business in the state by a nonresident.[46]

At most, Caribbean's contacts with residents in Texas has been limited to direct mailing and phone calls that are unrelated to the call alleged in his Third Amended Complaint,[47] which is insufficient to support jurisdiction over Caribbean in this case.[48] Texas courts and the Fifth Circuit have held that the use of interstate mail and telephone facilities are insufficient to satisfy due process requirements for purposes of long-arm

---

[42] CCL Decl., at ¶4.
[43] *Id.* at ¶5.
[44] *Id.* at ¶6.
[45] *Id.* at ¶7.
[46] *Id.* at ¶¶8-10.
[47] *Id.* at ¶11.
[48] *See Johnston*, 523 F.3d at 609 (random or attenuated contacts, and even repeated contacts, with forum residents are not sufficient to establish jurisdiction).

Case No. 3:14-cv-00285
Caribbean Cruise Line's Motion to Dismiss
Third Amended Complaint and Supporting Memorandum of Law

jurisdiction under Texas law.[49] Accordingly, Plaintiff's assertion that jurisdiction exists because Plaintiff's claims arise out of a phone call to Texas allegedly made by Ultimate is entirely insufficient to satisfy due process and support jurisdiction over Caribbean.

Likewise, Plaintiff's conclusory allegations that Caribbean and the four other "Cruise Line Defendants" somehow initiated, directed, or participated in the telemarketing by Ultimate do not establish jurisdiction over Caribbean, as these bare assertions are bereft of any allegations showing Caribbean's actual contact with the forum state.[50] "It is essential that there be some act by which the defendant purposefully avails himself of the privilege of conducting activities with the forum state, thus invoking the benefits and protections of its laws."[51]   Plaintiff has simply alleged no facts to establish that his causes of action arose out of or resulted from Caribbean's forum-related contacts, as required to invoke jurisdiction over Caribbean in Texas.[52]

Lastly, to the extent Plaintiff seeks to bootstrap personal jurisdiction on Caribbean and four other Defendants by seeking to pierce their corporate veils, his allegations are woefully inadequate. As a threshold matter, Plaintiff has failed to allege facts to support

---

[49]   *See Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985) (finding no specific jurisdiction over nonresident defendant that contracted with Texas residents, directed letters and phone calls to Texas, shipped products to Texas, negotiated a contract with plaintiffs that was to be governed by Texas law, and marketed his product in Texas).

[50]   Notably, Plaintiff does not allege facts to show Caribbean's alleged participation in Ultimate's telemarketing occurred in, or had any connection to, Texas, as required to show Caribbean's contacts with the forum. *See Walden v. Fiore*, 134 S.Ct. 1115, 1126 (2014) ("it is the defendant, not the Plaintiff or third parties, who must create contact with the forum State").

[51]   *Clemens*, 615 F.3d at 379.

[52]   *McFadin*, 587 F.3d at 759.

Case No. 3:14-cv-00285
Caribbean Cruise Line's Motion to Dismiss
Third Amended Complaint and Supporting Memorandum of Law

jurisdiction over any of these defendants, so piercing the corporate veils of other defendants to avoid making specific jurisdictional allegations about Caribbean is futile. Plaintiff alleges alternatively, and upon information and belief, that: (1) Caribbean was the alter ego of Nationwide; (2) that Caribbean, Celebration, and CCH created Nationwide as a sham; (3) that the "Cruise Line Defendants [five entities including Nationwide] created Nationwide to attempt to circumvent liability for the TCPA"; and (4) the "Cruise Line Defendants functioned as an arm of one another."[53] Such contradictory and illogical conclusions cannot support personal jurisdiction over Caribbean.[54] Moreover, for personal jurisdiction purposes, Caribbean can establish that it never been a parent or subsidiary of any other defendant, or exercised complete authority over them so as to support jurisdiction under the alter ego or veil-piercing theory of liability.[55]

Under these factual circumstances, there is no question that the exercise of personal jurisdiction over Caribbean would offend traditional notions of fair play and substantial justice. As such, the Third Amended Complaint must be dismissed.

---

[53] 3d Am. Compl., at ¶¶ 105, 109, 111; *see supra*, §II(d) (noting implausibility of Plaintiff's veil-piercing allegations).

[54] *See White Rosebay Shipping S.A. v. HNA Group Co., Ltd.*, 2012 WL 6858239 (S.D. Tex. Dec. 5, 2012) (plaintiff must allege plausible facts to establish abuse of corporate form to justify piercing corporate veil, which is permitted only in exceptional cases, and conclusory allegations that Defendants abused corporate form and transferred assets was insufficient); *see also Seitz*, 513 F. Supp. 2d at 865-866 (conclusory allegations that defendant was alter ego of its subsidiary, there was no corporate separateness, and one was a conduit for the other, were insufficient to support personal jurisdiction based on an alter ego theory).

[55] ¶¶15-16, CCL Decl.

Case No. 3:14-cv-00285
Caribbean Cruise Line's Motion to Dismiss
Third Amended Complaint and Supporting Memorandum of Law

## II. The Third Amended Complaint Fails to State a Plausible Claim against Caribbean upon which Relief May Be Granted

### a. A Claim Must Be Dismissed If not Plausible on the Face of the Complaint Under Fed.R.Civ.P. 12(b)(6)

A motion under Rule 12(b)(6) challenges the legal sufficiency of a complaint.[56] While "well-pleaded" factual allegations are required to be accepted as true, the Court does not have any obligation to accept as true legal conclusions or unwarranted factual inferences.[57] Federal Rule of Civil Procedure 8(a) sets for the basic federal pleading standard, requiring a "short and plain statement of the claim" that sufficiently notifies *each* defendant of both the claim and its supporting grounds.[58] Rule 8(a) requires that a complaint contain "enough factual matter (taken as true) to suggest" the required elements of each claim.[59] Consequently, a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[60] "Factual allegations must be enough to raise [the plaintiff's] right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true."[61] In short, a complaint must include "enough facts to state a claim to relief that is plausible on its face."[62]

---

[56] *UTex Communications Corp. v. Pub. Util. Comm'n of Tex.*, 514 F. Supp. 2d 963, 968 (W.D. Tex. 2007).

[57] *Ferrer*, 484 F.3d at 780.

[58] Fed. R. Civ. P. 8(a); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

[59] *Id.*, at 556.

[60] *Id.*, at 555 (citation omitted); *Norris v. Hearst Trust*, 500 F.3d 454, 464 (5th Cir. 2007).

[61] *Twombly,* 550 U.S. at 555 (citations omitted).

[62] *Id.,* at 570.

Case No. 3:14-cv-00285
Caribbean Cruise Line's Motion to Dismiss
Third Amended Complaint and Supporting Memorandum of Law

**b. The Third Amended Complaint Fails to Allege Sufficient Facts to State a Plausible Claim for Relief against Caribbean under the TCPA, Based upon either Direct or Vicarious Theories of Liability**

In order to state a plausible claim against Caribbean for purported violations of the TCPA, Plaintiff must allege facts demonstrating that Caribbean is either directly liable by having physically called Plaintiff's cellular phone or is vicariously liable for the alleged call by Ultimate under agency principles, including formal agency, apparent authority, or ratification.[63]  Plaintiff's conclusory allegations do not support either theory of liability.

Plaintiff alleges that Ultimate – the sole defendant in his original complaint – physically placed the alleged call underlying his claims.[64]  Only the party that *physically places* the call is directly liable for TCPA violations,[65] so Plaintiff has alleged no facts to support direct liability against Caribbean.   Nonetheless, Plaintiff asserts that Caribbean (and four other defendants) can be directly liable for the alleged call by Ultimate, and proving vicarious liability is unnecessary, because "all of the defendants initiated, directed, and actively participated in the calls."[66]  Like the plaintiff in *Cunningham*, Plaintiff's assertion is based upon an erroneous interpretation of the TCPA that the FCC and courts have unequivocally rejected:

> The plaintiff's arguments are unpersuasive in light of the clear pronouncement in *In re Dish Network, LLC* that vicarious liability, not direct liability, provides the basis for

---

[63] *Dish Network*, at 6582-6583, ¶¶24-26; Cunningham, at 2014 WL 8335868 *6-7.
[64] 3d Am. Compl., at ¶37.
[65] *See Toney v. Quality Resources, Inc.*, 2014 WL 6757978 * 9 (N.D. Ill., Dec. 1, 2014) (defendant is not directly liable for call under the TCPA unless it physically places the call) (citing *Dish Network*, 28 F.C.C. Rcd. at 6582-83 ¶¶24-26) [emphasis added].
[66] 3d Am. Compl., at ¶45.

Case No. 3:14-cv-00285
Caribbean Cruise Line's Motion to Dismiss
Third Amended Complaint and Supporting Memorandum of Law

liability under Section 227(b) against an entity that does not actually initiate or place a telephone call or text. Additionally, the plaintiff's reliance upon a theory of "on behalf of" liability is misplaced. The "on behalf of" language to which the plaintiff refers comes from Section 227(c) of the TCPA, a provision that is not the basis for his claim, and the plaintiff fails to explain how, under the facts of the instant action, "on behalf of" liability would differ in any way from vicarious liability or is a viable theory of recovery.[67]

Similarly, Plaintiff's claims are not based upon Section 227(c) and his reliance on a theory of "on behalf of" liability is misplaced and contrary to the FCC's holding in *Dish Network* that only the party that physically places the call is directly liable for TCPA violations.[68]   Plaintiff only alleges that Ultimate physically placed the call.[69]   Plaintiff cannot avoid the holding in *Dish Network* with a conclusory allegation that all six defendants are directly liable for the call(s) by Ultimate[70] or speculative assertion that the "Cruise Line Defendants" directly participated in the call by Ultimate because "[h]ad Plaintiff accepted the 'free' cruise, the Cruise Line Defendants would have sold products and service to Plaintiff."[71]   Simply put, the Third Amended Complaint lacks a short and plain statement that Caribbean placed the call to support direct liability.

To assert a plausible claim for vicarious liability under the TCPA against Caribbean for calls allegedly made by Ultimate, plaintiff must allege the factual elements

---

[67]   2014 WL 8335868 *5; *see also Toney*, 2014 WL 6757978 at *9 (rejecting similar direct liability argument against a defendant that did not initiate the call).

[68]   *Dish Network*, at 6582, ¶24, 6583, ¶26; *Smith v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 3906923, at *3 (N.D. Ill. Aug. 11, 2014).

[69]   3d Am. Compl., at ¶¶37-38, 41-42

[70]   *Id.*, at ¶47

[71]   *Id.*, at ¶42.

Case No. 3:14-cv-00285
Caribbean Cruise Line's Motion to Dismiss
Third Amended Complaint and Supporting Memorandum of Law

of federal common-law agency.[72]   This vicarious liability theory must be sufficiently

pled, and failure to do so warrants dismissal of the claims.[73]   Plaintiff substantially fails

to meet this standard.   He merely alleges, upon information and belief, that Ultimate was

conducting telemarketing on behalf of Caribbean and four other defendants.[74]

Generalized, speculative allegations that five defendants controlled or ratified Ultimate's

conduct or that Ultimate acted on their behalf fails to state a TCPA claim against

Caribbean under any theory of vicarious liability.[75]

Plaintiff has not alleged sufficient facts to establish an actual agency relationship

between Caribbean and Ultimate, including that they had a contract or Caribbean had a

right to direct or control Ultimate's alleged telemarketing, much less factual detail

supporting such a relationship.[76]   In fact, Plaintiff makes no specific allegations about

---

[72] *Dish Network* at 6584, ¶28.

[73] *See The Siding & Insulation Co. v. Alco Vending, Inc.*, 2015 WL 1858935 (N.D. Ohio Apr. 22, 2015) *(*granting summary judgment in TCPA case because plaintiff failed to plead vicarious liability in complaint); *Toney,* 2014 WL 6757978 at *13 (dismissing TCPA case because vicarious liability theories of apparent authority and ratification were not properly pled); *Smith,* 30 F. Supp. 2d 765 (dismissing TCPA complaint that failed to plead sufficient facts supporting formal agency, apparent authority or ratification theories of vicarious liability); *Bank v. Philips Electronics North America Corp.*, 2015 WL 1650926 *3 (E.D. N.Y. April 14, 2015) (dismissing TCPA case for failure to allege facts establishing an agency relationship or show control by defendant over alleged agents).

[74] 3d Am. Compl., at ¶38

[75] *Id.* at ¶40; *see Jackson v. Caribbean Cruise Line, Inc.,* 2015 WL 667862 (E.D. N.Y., Feb. 17, 2015) (granting 12(b)(6) motion in TCPA case because vicarious liability not pled where complaint fails to allege ability to give "interim instructions" or any non-conclusory allegation of "direction" or "control")

[76] *See Sefton v. Toyota Motor Sales U.S.A.*, 2010 WL 1506709, at *3 (N.D. Ill. Apr. 14, 2010) ("pleading the existence of an agency relationship requires more than a general statement that such a relationship exists" and complaint must contain "allegations concerning an actual agency relationship beyond purely conclusory statements").

Case No. 3:14-cv-00285
Caribbean Cruise Line's Motion to Dismiss
Third Amended Complaint and Supporting Memorandum of Law

Caribbean.  Instead, Plaintiff merely asserts *upon information and belief* that Caribbean and four other defendants controlled and/or authorized Ultimate's telemarketing calls, and then asserts a series of conclusory statements that the calls by Ultimate were "on behalf of" of the "Cruise Line Defendants" to allege actual authority.[77]

Courts interpreting federal agency principals in the context of the TCPA have consistently noted that the "essential element of agency" is the principal's right to control the actions of the agent, and particularly that the principal's right to give "interim instructions a "hallmark of an agency relationship."[78]  Accordingly, a plaintiff seeking to state a TCPA claim based upon actual authority must allege facts showing the principal's right to control the agent's actions and give interim instructions.  The Third Amended Complaint lacks these essential allegations.  Rather, like the Complaint in *Jackson*, Plaintiff's vague, speculative, and conclusory allegations with regard an agency relationship between Caribbean and Ultimate fail to "nudge" his claims "'across the line from conceivable to plausible.'"[79]

Likewise, Plaintiff has not alleged sufficient facts to show a plausible basis for holding Caribbean liable under an apparent authority theory.  "It is well established that apparent authority must derive from the statements or actions of the alleged principal, not

---

[77] 3d Am. Compl., at ¶¶49-58

[78] *See e.g Toney*, 2014 WL 6757978 at *10-11; *Jackson*, 2015 WL 667862 at *7-8; *Bank*, 2015 WL 1650926 at *3.

[79] *Jackson*, 2015 WL 667862 at *8 (quoting *Twombly*, 550 U.S. at 570).

Case No. 3:14-cv-00285
Caribbean Cruise Line's Motion to Dismiss
Third Amended Complaint and Supporting Memorandum of Law

the alleged agent."[80]   Particularly, a complaint alleging TCPA liability based on apparent authority must allege that the plaintiff reasonably believed a party was the agent and that the plaintiff's belief is based upon a manifestation by the would-be principal, rather than a representation by the agent.[81]

The Third Amended Complaint fails to make the critical allegation that Plaintiff reasonably believed Ultimate was an agent of Caribbean based upon a manifestation of Ultimate's authority by Caribbean.[82]   Plaintiff merely relies upon conclusory averments, asserting that the "Cruise Line Defendants covered Ultimate with apparent authority to enter into advertising arrangement on their behalf," and claiming *upon information and belief*, that "Ultimate and its agents had authority to offer the so-called free cruise."[83] Plaintiff further recites that he "reasonably believed the telemarketer [Ultimate] called him as an agent of *a cruise line*."[84]   Notably, Plaintiff fails to allege that his belief was based upon any manifestations made by Caribbean.   Instead, he bases his "belief" solely

---

[80] *Toney*, 2014 WL 6757978 at *11 (citing *Opp v. Wheaton Van Line, Inc.*, 231 F.3d 1060, 1064 (7th Cir. 2000) (apparent authority established by words and conduct of agent, not principal) and Restatement (Third) of Agency § 2.03 cmt. c (2006) ("An agent's success in misleading the third party as to the existence of actual authority does not itself make the principal accountable")).

[81] *Id.*

[82] *Id.*, at **11-12; *see also Cunningham*, 2014 WL 8335868 at *7 (dismissing TCPA claims for failure to plead facts showing the defendant had any control over caller or given authority to make calls on its behalf).

[83] 3d Am. Compl., at ¶¶60-61

[84] *Id.*, at ¶61 [emphasis added]. Plaintiff's allegation that he reasonably believed Ultimate was agent of "a cruise line" is vague on its face, and cannot establish a plausible basis for apparent authority between Ultimate and Caribbean.

Case No. 3:14-cv-00285
Caribbean Cruise Line's Motion to Dismiss
Third Amended Complaint and Supporting Memorandum of Law

upon words or conduct by Ultimate.[85]   These allegations are woefully inadequate to support liability based upon apparently authority.

Plaintiff's ratification theory fails as well.   "Ratification is the affirmance of a prior act done by another, where the act is given effect as if done by an agent acting with actual authority," and serves to impose liability on a would-be principal based upon acts of the principal ratifying the action of the agent or accepting the benefits of the agent's actions.[86]   Plaintiff has not alleged acts by Caribbean ratifying Ultimate's call or any benefit to Caribbean from Ultimate's alleged call.   Plaintiff merely concludes that "the Cruise Line Defendants accepted benefits from numerous calls."[87]   This bald allegation that five defendants accepted a benefit is contradicted by more specific allegations: Plaintiff received an unwanted telemarketing call from Ultimate that never resulted in any sale.   By failing to allege that he paid or otherwise transferred anything of value to Ultimate as a result of its alleged telemarketing call, Plaintiff cannot plausibly assert that Caribbean or any defendant received a benefit and ratified Ultimate's alleged acts.[88]

Plaintiff has substantially failed to allege sufficient facts to support direct or vicarious liability under the TCPA against Caribbean for calls allegedly made by Ultimate, relying solely upon conclusory statements and formulaic recitations of the

---

[85] *Id.* (Plaintiff's belief that Ultimate was an agent of Caribbean (and four other defendants) is based upon a call from Ultimate regarding a cruise).

[86] *Cunningham*, 2014 WL 8335868 at *7 (citing Restatement (Third) of Agency § 4.01(1).

[87] 3d Am. Compl., at ¶66.

[88] *See Toney*, 2014 WL 6757978 at *12 (Plaintiff's ratification theory fails because plaintiff failed to allege any benefit from the telemarketing calls and in fact did not allege she did business with the defendant as a result of the calls).

Case No. 3:14-cv-00285
Caribbean Cruise Line's Motion to Dismiss
Third Amended Complaint and Supporting Memorandum of Law

elements of a cause of action.[89]   Legal conclusions will not suffice to state a plausible claim for relief, yet here, that is all Plaintiff provides.[90]

### c. Plaintiff Fails to Plead Facts Necessary to Support Collective Liability of Five Defendants or Pierce their Corporate Veils, Asserting only Conclusory Statements and Reckless Speculation

Plaintiff alleges claims collectively against Caribbean and four other defendants without distinction and without describing any act or conduct attributable to Caribbean, which requires dismissal of the Third Amended Complaint for improperly lumping together defendants.[91]   Seemingly aware of this pleading defect, Plaintiff alternatively seeks to completely disregard any distinction between Caribbean and the other four "Cruise Line Defendants" based upon reckless speculation and legal conclusions devoid of sufficient facts under the guise of "piercing the corporate veil."

Texas law presumes that separate corporations are distinct legal entities and the corporate form will not be disregarded merely based upon common ownership or a

---

[89]   *Twombly*, 550 U.S. at 555.
[90]   Such legal conclusions are particularly insufficient in actions such as these where Plaintiff accuses Defendants of "willful" and "knowing" violations of law, as well as participating in some sort of joint enterprise.
[91]   Courts have consistently found that "lumping" defendants together fails to satisfy Rule 8(a) because, in large part, a complaint employing such a technique fails entirely to assert individualized allegations as to each separate defendant, and Rule 10(b), which requires separate statements of claims where there are several defendants. *See Moore v. Bowie County, Tex.*, 2012 WL 4355031, *15 (E.D. Tex. July 31, 2012) (plaintiff's claim dismissed where he repeatedly lumped the "defendants" together with no effort to distinguish them); *See also Bentley v. Bank of America, N.A.*, 773 F. Supp. 2d 1367, 1374 (S.D. Fla. 2011) (dismissing TCPA claim "for improperly lumping together Defendants such that Defendants do not have fair notice of the precise nature of the violation that is claimed against them").

Case No. 3:14-cv-00285
Caribbean Cruise Line's Motion to Dismiss
Third Amended Complaint and Supporting Memorandum of Law

duplication of some or all officers and directors.[92]   All variations of piercing the

corporate veil raised by Plaintiff – the "alter ego" doctrine, "illegal purpose" doctrine, or

"sham to perpetuate a fraud" theory – are reserved for "exceptional cases."[93]   Generally,

the corporate veil will be pierced only when an owner or company exercises complete

control over the other "with respect to the transaction at issue," and such control was used

to commit a fraud or wrong against the injured party.[94]   Allegations of abuse of the

corporate form to perpetuate a fraud, like the claims asserted by Plaintiff, must be stated

with particularity required by Fed. R. Civ. P. 9(b).

Nothing in the Third Amended Complaint's "Piercing the Corporate Veil" section

is stated with particularity.  Plaintiff relies upon broad conclusory statements: each of the

five "Cruise Line Defendants" owns and controls each other, "functioned as an arm of

one another," "used their corporate shell games to perpetuate a fraud on Plaintiff," and

had such a unity between them that their separateness ceased to exist.[95]   Such vague

generalizations fail to overcome the presumption that five defendants are distinct legal

entities or to substantiate the total disregard of their corporate forms.  Plaintiff fails to

allege that one company exercises complete control over the other with respect to the

telemarketing calls underlying his claims, or that such control was used to commit a fraud

or wrong against Plaintiff, as required to satisfy the elements for piercing the corporate

---

[92] *Norfolk Southern Railway Co. v. Trinity Industries, Inc.*, 2009 WL 362437 * 5
(N.D. Tex. Feb. 13, 2009).
[93] *White Rosebay*, 2012 WL 6858239 at *4.
[94] *Id.*
[95] 3d Am. Compl., at 105-106

Case No. 3:14-cv-00285
Caribbean Cruise Line's Motion to Dismiss
Third Amended Complaint and Supporting Memorandum of Law

veil. Plaintiff claims only that the defendants share common addresses, registered agents, attorney, officers, and directors and, *upon information and belief*, share property. The sharing of even a substantial number of officers and directors among related entities is not a sufficient basis upon which to pierce their corporate veils.[96]

Additionally, Plaintiff's allegations are patently implausible to the extent they are premised upon false statements of fact contradicted by publicly available documents subject to judicial notice. Specifically, Plaintiff alleges that Caribbean, Celebration, and/or CCH "created" Nationwide as a sham and that the "Cruise Line Defendants [defined to include Nationwide] created Nationwide…"[97] However, Nationwide was incorporated in 1999, nine years before Caribbean and Celebration came into existence, as reflected in certified copies of these entities' articles of incorporation attached to their Request for Judicial Notice.[98] Thus, Plaintiff's attempt to pierce the veils of five defendants is not only implausible for failing to allege sufficient facts to satisfy the elements but it is also *impossible*, being based on undisputedly false allegations of fact.

---

[96] *Frito-Lay, Inc. v. Proctor & Gamble Corp.*, 364 F. Supp. 243, 248-250 (N.D. Tex, 1973) (substantial sharing of officer and directors among parent and subsidiary companies insufficient to pierce corporate veil in absence of showing that parent exercised actual control of the internal affairs of the subsidiary).

[97] *See* ¶¶109, 111, 3d Am. Compl).

[98] Req. for Jud. Notice (DE 63), Exhs. A, B, and C; *see Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-1018 (5th Cir. 1996) (a district court may take judicial notice of public records in considering a motion to dismiss without converting the motion to one for summary judgment; *see also* Fed. R. Evid. 202(c)(2) (court must take judicial notice if party request it and supplies court with necessary information).

Case No. 3:14-cv-00285
Caribbean Cruise Line's Motion to Dismiss
Third Amended Complaint and Supporting Memorandum of Law

### d.  Plaintiff Fails to Plead a Plausible Fraudulent Transfer Claim

A party alleging a fraudulent transfer must plead sufficient facts to support a plausible claim for relief based upon constructive fraud, and specific facts under Fed. R. Civ. P. 9(b) to support a claim based on actual fraud.[99]  In *In re Crescent*, the bankruptcy court dismissed trustee's claim of fraudulent transfer on the grounds that it failed to plead sufficient facts for constructive fraud, finding the trustee's allegations simply mirrored the elements of a claim.[100]  Other than dates, amounts, and names of transferees, the claim contained nothing more than general conclusory allegations of insolvency and reasonably equivalent value.[101]

Similarly, the Third Amended Complaint fails to plead facts to support a plausible claim for fraudulent transfer, either based upon actual or constructive fraud.  Plaintiff's allegations of actual fraud fall woefully short of the heightened pleading requirements for alleging actual fraud: he merely alleges that Caribbean, Celebration, and CCH fraudulently transferred "assets" to Bahamas with the intent to defraud; he does not provide any specific descriptions of what assets were allegedly transferred, when or where the transfers occurred, or the value of the alleged assets.[102]  While Plaintiff vaguely alleges that Caribbean, Celebration and/or CCH received "insurance proceeds" and transferred "those funds and other assets" to Bahamas, he fails to describe what other assets were transferred, their amount, the amount of the insurance proceeds, or the place

---

[99] *In re Crescent Res., LLC*, 2012 WL 195528 at *7.
[100] *Id*. at *9.
[101] *Id*.
[102] 3d Am. Compl., ¶101.

Case No. 3:14-cv-00285
Caribbean Cruise Line's Motion to Dismiss
Third Amended Complaint and Supporting Memorandum of Law

and date of the alleged transfers.[103]  Plaintiff's constructive fraud is also inadequate, as he

does not allege any facts regarding the Defendants' financial condition, or the sufficiency

of consideration provided by the transferee.   Instead, like the trustee in *In re Crescent*,

Plaintiff's claim simply mirrors the elements of a claim for constructive fraud.   As such,

Plaintiff fails to state any plausible claim for fraudulent transfer.

## CONCLUSION

Because (1) this Court does not have personal jurisdiction over Caribbean, (2) the

Plaintiff impermissibly lumps all Defendants together and under Fed. R. Civ. P. 9(b) and

(3) he does not state a plausible claim against Caribbean under the TCPA, or for

undefined fraudulent transfers, the Third Amended Complaint must be dismissed.

DATED: June 19, 2015

Respectfully submitted,

/s/ Jeffrey A. Backman
RICHARD EPSTEIN, ESQ.
Fla. Bar No. 229091
(Admission Pro Hac Vice)
richard.epstein@gmlaw.com
JEFFREY A. BACKMAN, ESQ.
Fla. Bar No. 662501
(Admission Pro Hac Vice)
jeffrey.backman@gmlaw.com
GREENSPOON MARDER, P.A.
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Telephone: (954) 491-1120
Facsimile: (954) 213-0140

GEORGE P. PAPPAS, ESQ.

---

[103] *Id.*, ¶102.

Case No. 3:14-cv-00285
Caribbean Cruise Line's Motion to Dismiss
Third Amended Complaint and Supporting Memorandum of Law

Texas Bar No.
gpappas@sheehyware.com
SHEEHY, WARE  & PAPPAS, P.C.
909 Fannin Street, Suite 2500
Houston, TX 77010
Telephone: (713) 951-1067
Facsimile: (713) 951-1199

*COUNSEL FOR CCL*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system on this 19th day of June, 2015.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for counsel or parties who are not authorized to receive Notices of Electronic Filing.

*/s/ Jeffrey A. Backman*
JEFFREY A. BACKMAN, ESQ.

Case No. 3:14-cv-00285
Caribbean Cruise Line's Motion to Dismiss
Third Amended Complaint and Supporting Memorandum of Law

### SERVICE LIST

**David Edwards Wynne, Esq,**
WYNNE & WYNNE LLP
1021 Main Street
Suite 1275
Houston, TX 77002
Telephone: 713-227-8835
Facsimile: 713-227-6205
Email: dwynne@wynne-law.com

*Attorneys for Plaintiff*


**Jason T. Wagner, Esq,**
WAGNER, SAENZ DORITY
3700 Buffalo Speedway
Suite 610
Houston, TX 77098
Telephone: 713-554-8450
Facsimile: 713-554-8451
Email: jwagner@wsdllp.com

**Joseph W. Sanscriante, Esq,**
LAW OFFICE OF JOSEPH W. SANSCRIANTE
1120 6th Avenue, 4th Floor
New York, NY 10036
Telephone: 212-626-6934
Facsimile: 212-626-6942
Email: jws@sanscriante.com

*Attorneys for Defendant Ultimate Vacation Group, LLC
d/b/a Royal Bahama Cruise Line*