UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

JOE SHIELDS )
)
*Plaintiff on behalf of himself and* )
*all others similarly situated* )
)
v. ) CIVIL ACTION NO. 3:14-cv-00285
)
ULTIMATE VACATION GROUP, LLC ) Judge George C. Hanks Jr.
d/b/a ROYAL BAHAMAS CRUISE LINE, )
CARIBBEAN CRUISE LINE, INC., )
CELEBRATION CRUISE LINE, LLC, )
CELEBRATION CRUISE HOLDING, )
INC., NATIONWIDE RESERVATIONS, )
INC, and BAHAMAS PARADISE CRUISE )
LINE, LLC )
)
*Defendants.* )
_____/

# DEFENDANTS'[1] JOINT RESPONSE TO PLAINTIFF'S MOTION TO TEMPORARILY SEAL DOCUMENTS

Defendants, CARIBBEAN CRUISE LINE, INC., CELEBRATION CRUISE LINE, LLC, CELEBRATION CRUISE HOLDING, INC., NATIONWIDE RESERVATIONS, INC., and BAHAMAS PARADISE CRUISE LINE, LLC, hereby respond to the Motion to Temporarily Seal Documents (DE 87) filed by Plaintiff's counsel after his third violation of the Court's Agreed Protective Order he yet again seeks to correct only after the violation was brought to his attention by Defendants' counsel, and state as follows:

1. For the third time in as many weeks, Plaintiff's counsel has filed a motion to seal confidential documents produced in discovery by Defendants that has he filed in the public court file in violation of the Agreed Protective Order[2] in this case.

---

[1] Caribbean Cruise Line, Inc., Celebration Cruise Line, LLC, Celebration Cruise Holding, Inc., Nationwide Reservations, Inc., and Bahamas Paradise Cruise Line, LLC.

23671583v1

2.  This time, however, rather than promptly correcting this error by moving to seal the confidential documents as on prior occasions,[3] Plaintiff's counsel – who has never challenged any designation of documents as "confidential" – misrepresents that he has complied with the procedures for challenging the confidentiality of documents under the Agreed Protective Order by sending a late evening email to Defendants (after they brought the error to his attention) claiming he was unaware the documents were confidential and demanding an explanation of "on what basis the subject emails are deserving of confidential treatment." On this basis, he claims to have shifted the burden to Defendants and asks the Court to seal the documents only temporarily.

3.  The documents should be sealed without condition, as Plaintiff has failed to satisfy the requirements for challenging documents designated "confidential" under this Court's Agreed Protective Order, which is outlined as follows:

> A Receiving Party may, at any time, challenge the Producing Party's designation of a document as confidential. <u>The Receiving Party may challenge the designation of specific documents by giving counsel for the Producing Party written notice listing each document the Receiving Party challenges and explaining, briefly, the factual and legal basis for the Receiving Party's belief that the document should not be designated confidential.</u> If the Parties cannot agree on the designation of any document within thirty (30) days after counsel for the Producing Party receives such written notice, the Producing Party has the burden to move the Court to enter an order declaring that the challenged document or documents shall remain designated confidential. If the Producing

---

[2] DE 29.

[3] *See* Agreed Motion to Seal Documents (DE 79), filed by Plaintiff's counsel after Defendants advised him he had violated the Agreed Protective Order by filing two documents produced by Defendants and conspicuously marked "confidential" as exhibits to Plaintiff's Response to Defendants' Motion to Dismiss (DE 76); Agreed Motion to Seal Documents (DE 82), filed by Plaintiff's counsel after Defendants advised him he had again violated the Agreed Protective Order by filing the same two confidential documents, and a third one, as exhibits to Plaintiff's Second Amended Motion for Class Certification (DE 81).

> Party fails timely to move for an order declaring that the document shall remain confidential, that document will no longer have the protections described in this Order for documents designated confidential.[4]

4. On August 11, 2015, Plaintiff filed multiple documents as composite Exhibit "A" to his unauthorized[5] sur-Reply in opposition to Defendants' Motions to Dismiss, all of which documents were marked "confidential" in all capital letters.

5. Plaintiff has never challenged the designation of any of these specific documents as required by giving written notice listing each document and briefly explaining the factual and legal basis for his belief that each document should not be designated "confidential." His demand that *Defendants* explain the basis for designating documents "confidential" – made an email from Defendants advising him of his third violation of the Agreed Protective Order – lacks any reference to a specific documents or articulation of a factual or legal basis for challenging the designation of any documents as "confidential," as required.

6. As such, Plaintiff's request that the Court seal the confidential documents temporarily should be denied, and the documents should be sealed without condition unless and until Plaintiff complies with the procedures of the Agreed Protective Order and shifts the burden to Defendants to seek an order declaring that the challenged documents remain designated confidential.

7. Defendants dispute Plaintiff's counsel improper and gratuitous argument that the subject documents were not designated "confidential" in good faith or that Defendants have "no reasonable basis" for designating them as "confidential" under the broad definition of the Agreed

---

[4] ¶12, Agreed Protective Order [emphasis added].
[5] Paragraph 6(A)(4) of this Court's Court Procedure provides only for response to a motion and a reply to a response, not a sur-reply to a reply as Plaintiff has filed.

Protective Order. Defendants' will articulate the basis for designating these documents "confidential" should Plaintiff's counsel ever challenge any one of them in accordance with the Agreed Protective Order.

WHEREFORE, Defendants, CARIBBEAN CRUISE LINE, INC., CELEBRATION CRUISE LINE, LLC, CELEBRATION CRUISE HOLDING, INC., NATIONWIDE RESERVATIONS, INC., and BAHAMAS PARADISE CRUISE LINE, LLC, respectfully request that this Honorable Court enter an Order in the form attached hereto sealing the documents referenced in Plaintiff's Motion to Temporarily Seal Documents without condition, and denying the Motion's request to unseal the documents as requested by Plaintiff.

DATED: August 13, 2015

Respectfully submitted,

*/s/ Jeffrey A. Backman*
RICHARD EPSTEIN, ESQ.
Fla. Bar No. 229091
(Admission Pro Hac Vice)
richard.epstein@gmlaw.com
JEFFREY A. BACKMAN, ESQ.
Fla. Bar No. 662501
(Admission Pro Hac Vice)
jeffrey.backman@gmlaw.com
GREENSPOON MARDER, P.A.
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Telephone: (954) 491-1120
Facsimile: (954) 213-0140

BRIAN R. CUMMINGS, ESQ.
Fla. Bar No. 25854
brian.cummings@gmlaw.com
GREENSPOON MARDER, P.A.
401 E. Jackson St., Ste. 1825
Tampa, FL 33602
Telephone: (813) 769-7020

Facsimile: (813) 426-8582

GEORGE P. PAPPAS, ESQ.
Texas Bar No.
gpappas@sheehyware.com
SHEEHY, WARE & PAPPAS, P.C.
909 Fannin Street, Suite 2500
Houston, TX 77010
Telephone: (713) 951-1067
Facsimile: (713) 951-1199

*COUNSEL FOR DEFENDANTS*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system on this 12th day of August, 2014. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing electronically.

*/s/ Jeffrey A. Backman*
JEFFREY A. BACKMAN, ESQ.

## **SERVICE LIST**

**David Edwards Wynne, Esq,**
WYNNE & WYNNE LLP
1021 Main Street
Suite 1275
Houston, TX 77002
Telephone: 713-227-8835
Facsimile: 713-227-6205
Email: dwynne@wynne-law.com

*Attorneys for Plaintiff*


**Jason T. Wagner, Esq,**
WAGNER, SAENZ DORITY
3700 Buffalo Speedway
Suite 610
Houston, TX 77098
Telephone: 713-554-8450
Facsimile: 713-554-8451
Email: jwagner@wsdllp.com

*Attorneys for Defendant Ultimate Vacation Group, LLC*
*d/b/a Royal Bahama Cruise Line*